## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 3:14cr00018-1 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| TONYA LYNELL ROUGHGARDEN, | ) | By: Norman K. Moon |
| Petitioner. | ) | United States District Judge |

Petitioner Tonya Lynell Roughgarden, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging her 52-month sentence following a guilty plea. Roughgarden claims that she received ineffective assistance of counsel during plea negotiations and at sentencing. The government filed a motion to dismiss and Roughgarden responded. Accordingly, this matter is ripe for consideration. I conclude that Roughgarden's ineffective assistance of counsel claims fail to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 669 (1984). Therefore, I will grant the government's motion to dismiss.

### I.

On May 28, 2014, a grand jury returned a two-count indictment against Roughgarden. Count One charged Roughgarden with conspiring to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846; Count Two charged her with using or carrying a firearm or possessing a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A).

Roughgarden pled guilty, pursuant to a written plea agreement, to both Counts One and Two. At the guilty plea hearing, Roughgarden affirmed that she had ample time to consult with counsel before signing the plea agreement. (Plea Hr'g Tr. 4, ECF No. 43.) Roughgarden further affirmed that she was "fully satisfied with the counsel, representation and advice given" to her by

her lawyer.  (*Id.* at 5.)  The prosecutor summarized the terms of the plea agreement.  (*Id.* at 6-9.)  He noted that Roughgarden faced a statutory penalty on Count One of ten years to life in prison and on Count Two a consecutive sentence of not less than five years.  (*Id.* at 7, 8.)  Roughgarden stated that she understood that her sentence would be determined by the court at a sentencing hearing.  (*Id.* at 10.)  Roughgarden affirmed her understanding that by pleading guilty, she gave up her right to appeal and to collaterally attack her sentence except for matters that cannot be waived by law or that allege ineffective assistance of counsel.  (*Id.* at 15.)  Roughgarden affirmed that no one had made any promises to her other than those contained in the plea agreement to cause her to plead guilty and that no one had attempted to force her to plead guilty.  (*Id.*)

The parties stipulated to the following facts, which were read into the record: from February to August 2013, Roughgarden distributed at least 1,499 grams of methamphetamine.  (Id. at 16.)  In addition, when Roughgarden met with her supplier, she "feared physical harm" and on more than one occasion "possessed a firearm for the purpose of her protection."  (Id. at 16-17.)  "Roughgarden acknowledge[d] the purpose of the statement of facts . . .  [wa]s to provide an independent factual basis for her guilty plea."  (*Id.* at 17.)

I found that Roughgarden was fully competent and capable of entering an informed plea and that her guilty plea was knowingly and voluntarily made.  (*Id.* at 17.)

The probation office prepared a Presentence Investigation Report ("PSR") in anticipation of sentencing.  The PSR recommended a total offense level of 29[1] and a criminal history category of I, resulting in a guideline imprisonment range of 87 to 108 months for Count One and a consecutive 60 month sentence for Count Two.  (PSR ¶ 66, ECF No. 30.)  Prior to

---

[1] The plea agreement and PSR listed Roughgarden's base offense level as 32, but the PSR recommended a three-point reduction for acceptance of responsibility.

sentencing, Roughgarden's counsel filed a memorandum arguing that a sentence of 35 months was reasonable, taking into consideration her lack of criminal history and prolonged battle with mental illness. (Sent. Mem. 9, ECF No. 28.) With regard to Count Two, Roughgarden's counsel stated that the facts supporting the gun charge were "about as modest as can be and still touch on all of the elements of the crime." (*Id*. at 5.) Because Roughgarden cooperated in the investigation, the government filed a motion for substantial assistance pursuant to 18 U.S.C. § 3553(e) and § 5K1.1 of the Sentencing Guidelines, requesting that the court impose a shorter sentence than that provided for by statute or the Sentencing Guidelines. I granted the government's substantial assistance motion and sentenced Roughgarden to 52 months' imprisonment, 32 months for Count One and 20 months for Count Two. (Sent. Hr'g Tr. 13, ECF No. 44.) She did not appeal.

In her § 2255 motion, Roughgarden alleges that her counsel provided ineffective assistance by (1) failing to review with her the government's discovery or establish how the government could prove the elements of Count Two; (2) advising her not to dispute Count Two or claim that she never carried a firearm; (3) telling her that he would get Count Two dismissed and coercing her to plead guilty; and (4) failing to review the PSR with her or object to the statements in the PSR that alleged that she carried a firearm. (§ 2255 Mot. 10, 13, 15, ECF No. 484.) In her reply to the government's motion to dismiss, Roughgarden also claims, for the first time, that she asked her counsel to note an appeal but he refused to do so. (§ 2255 Reply 1, ECF No. 53.)

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that her sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that

"the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Roughgarden bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Jacobs v. United States*, 350 F.2d 571, 574 (4th Cir. 1965).

## III.

The proper vehicle for a defendant to raise ineffective assistance of counsel claims is by filing a § 2255 motion. *United States v. Baptiste,* 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. *Strickland*, 466 U.S. at 687. When considering the reasonableness prong of *Strickland*, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689; *Gray v. Branker,* 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." *Strickland*, 466 U.S. at 689, 690.

To satisfy the prejudice prong of *Stickland*, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. *Id.* at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

### A. Failure to Review Discovery

Roughgarden first argues that counsel failed to review with her the government's discovery or establish how the government could prove the elements of Count Two. She argues that she "would have disputed the gun charge as she was not in possession of a gun and/or carried a firearm in connection with a crime." (§ 2255 Mot. 10, ECF No. 484.) However, this argument directly contradicts statements she made during her plea colloquy. Specifically, Roughgarden stated that she had sufficient time to consult with counsel and read and understand the plea agreement before she signed it. (Plea Hr'g Tr. 4, 14, ECF No. 43.) She also affirmed that she understood the elements of Count Two and what the government would have to prove in order for a jury to convict her, after the prosecutor provided a lengthy recitation of the elements of the crime and possible punishment. (*Id*. at 8-9.) Finally, after the stipulated fact that she "possessed a firearm for the purpose of her protection during methamphetamine transactions," was read into the record, Roughgarden stated that she wanted to plead guilty. (*Id*. at 17.) Because her current allegations contradict those she made in the plea colloquy, they lack merit. *See United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false"). Accordingly, Roughgarden cannot show that her counsel provided deficient performance. *Strickland*, 466 U.S. at 687.

### B. Advice Not to Dispute Count Two

Next, Roughgarden argues that her counsel provided ineffective assistance by advising her not to dispute the facts underlying Count Two. However, this advice appears to be sound trial strategy. *See Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003) (noting that "counsel has a wide latitude in deciding how best to represent a client"). Her counsel believed that the evidence against Roughgarden was sufficient, although limited, to support a conviction on Count Two. He noted both at the sentencing hearing, and in his sentencing memorandum, that on occasion Roughgarden had a weapon with her in the car when she conducted drug transactions but that she never used or brandished the weapon. (Sent. Hr'g 10-11, ECF No 44; Sent. Mem. 5, ECF No. 28.)

Moreover, by pleading guilty and not challenging Count Two, Roughgarden was able to receive a much reduced sentence. Roughgarden faced a statutory penalty on Count One of ten years to life in prison pursuant to 21 U.S.C. § 841(b)(1)(A) and on Count Two a consecutive sentence of not less than five years pursuant to 18 U.S.C. § 924(c)(1)(A)(i). But because of her counsel's compelling sentencing arguments, her acceptance of responsibility and her substantial assistance to the government, I sentenced her to 52 months' imprisonment. Because counsel's advice appears manifestly reasonable and Roughgarden benefited from it, she has not established that counsel's performance fell below an objective standard of reasonableness or that she suffered any prejudice. *Strickland*, 466 U.S. at 687.

### C. Coercion of Guilty Plea

Roughgarden next argues that her counsel provided deficient performance because he coerced her into pleading guilty by telling her that he would get Count Two dismissed at a later time. This claim is directly contradicted by Roughgarden's affirmations under oath during the

6

Rule 11 colloquy that no one had threatened her or attempted to force her to plead guilty. (Plea Hr'g Tr. 15, ECF No. 43.) Absent clear and convincing evidence to the contrary, defendants are bound by their representations at a guilty plea colloquy. *See Beck v. Angelone*, 261 F.3d 377, 396 (4th Cir. 2001); *Lemaster*, 403 F.3d at 221. Therefore, Roughgarden's assertion that her counsel coerced her to plead guilty is unavailing.

### D. Failure to Review or Object to PSR

Roughgarden also claims that her counsel was ineffective because he failed to review the PSR with her and did not object to the paragraphs dealing with her firearm possession. At her sentencing hearing, Roughgarden affirmed that she and her attorney had had an opportunity to review the PSR. (Sent. Hr'g Tr. 2, ECF 44.) Accordingly, she cannot now attempt to disavow her prior statements. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (concluding that a court cannot ignore a petitioner's "solemn declarations in open court").

Moreover, her counsel's decision not to object to the underlying facts of Count Two was a sound tactical choice. Roughgarden had pleaded guilty to Count Two based on the stipulated fact that she carried a firearm on occasion for her protection while engaging in drug transactions. Her plea agreement provided that if she denied that she committed any crime to which she pleaded guilty, the government could seek a number of remedies that included declaring the plea agreement void, filing new charges, and withdrawing a motion for substantial assistance. (Plea Aagreement 11, ECF No. 23.) Assuming that her counsel did urge Roughgarden not to dispute Count Two at sentencing, this advice was not objectively unreasonable. *Strickland*, 466 U.S. at 688.

### E. Failure to Note Appeal

Finally, in her reply brief, Roughgarden alleges, for the first time, that she requested that her counsel file a notice of appeal, but he failed to do so. It is well established that "a lawyer who disregards specific instructions from a defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000); *United States v. Poindexter,* 492 F.3d 263, 273 (4th Cir. 2007) ("[A]n attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal . . . ."). However, Roughgarden cannot amend the § 2255 motion with a new claim presented for the first time in a brief filed in response to the government's motion to dismiss. *See, e.g.*, *United States v. Connor*, 273 F. App'x 245, 247 (4th Cir. 2008) (unpublished) (concluding that the district court did not err by refusing to consider a petitioner's additional argument raised for the first time in a reply brief to a § 2255 motion); *United States v. Ibarra-Ayon*, No. 5:13-CR-00009-1, 2015 WL 5278379, at *1 n.1 (W.D. Va. Sept. 9, 2015). A petitioner must raise all claims in the initial § 2255 motion in order to provide the government with the opportunity to respond. *See* Rules Governing § 2255 Proceedings, Rule 2 (the motion must "specify all the ground for relief available to the moving party").

In addition, I cannot construe Roughgarden's reply as an amendment to her original motion. The statute of limitations in 28 U.S.C. § 2255(f)(1) bars review of motions filed more than one year after the judgment of conviction becomes final. Although Roughgarden filed her original motion within the requisite time frame, she filed her reply almost a year after the one-year limitations period.[2] While leave to amend is freely given when an amendment is filed

---

[2] Roughgarden's judgment was entered on October 21, 2014. Because she had fourteen days in which to note an appeal, her judgment became final on November 4, 2014. *See* Fed. R. App. P. 4(b)(1)(A) (providing fourteen days in which to appeal); *United States v. Sanders*, 247 F.3d 139, 142 (4h Cir. 2001) (noting that a

before a responsive pleading is served, Roughgarden filed her reply without leave of court to amend and after the government's response. Fed. R. Civ. P. 15(a). Roughgarden's claim that her counsel failed to note an appeal, therefore, is time barred, unless it relates back to the claims raised in her original § 2255 motion. Relation back is proper, however, only where "the original and amended petitions state claims that are tied to a common core of operative facts." *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Roughgarden's original motion "alleges deficiencies of representation distinctly separate from the deficiencies alleged" in her reply. *United States v. Craycroft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding that a claim for failure to note an appeal, raised for the in the petitioner's reply, did not relate back to other ineffective assistance of counsel claims raised in the original § 2255 motion and was therefore, time barred). In her § 2255 motion, Roughgarden raised claims of ineffective assistance involving her counsel's failure to to challenge the government's claim that she had carried a gun and to get Count Two dismissed. These claims are different in "both time and type" from a claim that counsel failed to file an appeal on her behalf. *See United States v. Pittman*, 209 F.3d 314, 318 (4th Cir. 2000) (internal quotation marks omitted) (dismissing, as time barred, a petitioner's motion to amend a § 2255 motion in order to raise an ineffective assistance claim for failure to note an appeal because it did not relate back to other ineffective assistance claims raised in the original motion). Accordingly, Roughgarden's ineffective assistance of counsel claim concerning the failure to file an appeal is completely new, cannot relate back to her original pleading, and must be dismissed. *Id*.

---

defendant's conviction becomes "final on the date upon which he decline[s] to pursue further direct appellate review"). She filed her reply on January 15, 2016.

**IV.**

For the reasons stated herein, the government's motion to dismiss is granted.

**ENTER:**     This  8th  day of June, 2016.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**CHARLOTTESVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Criminal Case No. 3:14cr00018** |
| | ) | |
| **v.** | ) | **2255 FINAL ORDER** |
| | ) | |
| **TONYA LYNELL ROUGHGARDEN,** | ) | **By: Norman K. Moon** |
|     **Petitioner.** | ) | **United States District Judge** |

In accordance with the Memorandum Opinion entered this day, it is hereby **ORDERED** and **ADJUDGED** as follows:

(1) The government's motion to dismiss (Docket No. 47) is **GRANTED**;

(2) Roughgarden's motion pursuant to 28 U.S.C. § 2255 (Docket No. 39) is **DISMISSED**;

(3) This action is **STRICKEN** from the active docket of this court; and

(4) Finding that Roughgarden has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

The Clerk is directed to send copies of this Order and the accompanying Memorandum Opinion to the parties.

    **ENTER:**     This _8th_ day of June, 2016.

NORMAN K. MOON
UNITED STATES DISTRICT JUDGE